UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARDEN CITY BOXING CLUB INC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-1188 |
| | § | |
| ELIZONDO ISAURO; dba TAQUERIA LUZ; aka TAQUERIA LA RANCHERA, *et al*, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ON DAMAGES

Pending in this signal pirating case is the issue of damages.  Plaintiff Garden City Boxing Club Inc. ("Garden City") has filed a brief in support of damages accompanied by exhibits (Doc. 47).  Defendants Maria Villarreal a/k/a Maria Garza and Rodeo Norteno have submitted an affidavit.  The time for further submissions has past, and the case is ripe for resolution.

Garden City owns the exclusive broadcast rights to the 16 November 2002 Morales/Ayala Boxing Program, a pay-per-view event shown across the United States.  Garden City commenced the present action on 29 March 2004, alleging that Defendants willfully violated 47 U.S.C. § 553 and § 605 by screening the boxing match without Plaintiff's authorization.

On 27April 2005, the Court granted Plaintiff's unopposed motion that summary judgment be granted as to liability and damages be heard on submission (Doc. 46).

Plaintiff requests the following relief: (1) fifty thousand dollars ($50,000) in statutory damages under § 605; (2) two thousand five hundred and twenty dollars ($2,520) in attorney's fees and costs; (3) pre-judgment interest; and (4) an injunction enjoining Defendants from pirating additional events.  Plaintiff urges the Court to find Defendants jointly and severally

liable for the requested relief.

 Title 47 United States Code Section 605(e)(3)(C) provides in relevant part:

> (C)(i)  Damages awarded by any court under this section shall be computed, at the election of the aggrieved party, in accordance with either of the following subclauses;
>
> > (I)  The party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or
>
> > (II)  the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just.
>
> (ii)  In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

After considering the circumstances of this case and other, similar, cases[1], the Court is convinced that statutory damages of two thousand dollars ($2,000) are appropriate under §

---

[1] See Entertainment by J & J Inc. v. Al-Waha Enterprises Inc., 219 F. Supp. 2d 769 (S.D. Tex. 2002); National Satellite Sports, Inc. v. Nancy Del Carmen Garcia, 2003 U.S. Dist LEXIS 10315, 3:01-CV-1799 (N.D. Tex., June 18, 2003).

605(e)(3)(C)(i)(II). Because the evidence shows that Defendants willfully violated the law for their own financial gain, this amount should be increased, under § 605(e)(3)(C)(ii), to twenty thousand dollars ($20,000). Plaintiff's application for attorney's fees and costs is reasonable and supported by the evidence; accordingly, Plaintiff is awarded two thousand five hundred and twenty dollars ($2,520) in attorney's fees and costs.  Plaintiff's application for prejudgment interest and a permanent injunction are denied.  Joint and several liability is appropriate.  See Gershwin Publishing Corp. v. Columbia Artists Management, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971); Warner Brothers, Inc. v. Lobster Pot, Inc., 582 F. Supp. 478, 483 (N.D. Ohio 1984)

There existing no issues remaining to be resolved, Final Judgment will be entered in favor of Garden City and against Maria Villareal a/k/a Maria Garza and Rodeo Norteno.

SIGNED at Houston, Texas, this 17th day of January, 2006.

_____
Melinda Harmon
United States District Judge